UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| ROBERT PITERNIAK and LAURA PITERNIAK, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>-- *against* --<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | No. 12-cv-7619<br>ECF CASE<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 & 1453 (CLASS ACTION FAIRNESS ACT - DIVERSITY)** |

-----------------------------------------------------------------X

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 & 1453, Defendant JPMorgan Chase Bank, N.A. ("Chase") removes the above-captioned action (the "Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.[1] Chase removes this Action on the ground that the United States District Court for the Southern District of New York (the "Court") has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(d)(2).

## SUMMARY

This Court has original jurisdiction over the Action because "the matter or sum in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Accordingly, Chase removes this Action to the Court pursuant to 28 U.S.C. § 1441(a) because Chase is not a citizen of the same state as Plaintiffs Robert and Laura Piterniak ("Plaintiffs"), and Plaintiffs' Class Action Complaint challenging

---

[1] Chase appears for the purpose of removal only and for no other purpose, and does not waive, and expressly preserves, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue and arbitrability.

1

Chase's lender placed flood insurance practices ("Complaint") makes clear that there are more than 100 members of the putative class and the amount in controversy is in excess of the jurisdictional minimum.

## PROCEDURAL HISTORY AND BACKGROUND

On August 3, 2012, Plaintiffs filed the Complaint captioned <u>ROBERT PITERNIAK and LAURA PITERNIAK, individually and on behalf of all others similarly situated v. JPMORGAN CHASE BANK, N.A., Defendant</u>, Index No.: 652692 / 2012, in the Supreme Court of the State of New York, County of New York.

On September 11, 2012, Plaintiffs' counsel served, and Chase's counsel agreed to accept service of, Plaintiffs' Complaint.

In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon Chase are attached hereto as Exhibit A.

Plaintiffs filed the Complaint on behalf of themselves and two putative classes comprised of "[a]ll New York citizens with residential mortgage loans on real property located in the State of New York originated, acquired and/or serviced by JPMorgan Chase Bank, N.A. or Chase Home Finance, LLC, and who, within the applicable statutes of limitation were" either (1) "charged for a force-placed flood insurance policy procured through any insurance provider" (which Plaintiffs call the "Kickback Class") or (2) "were forced to pay for flood insurance which exceeded any of the following: (1) $250,000; (2) the replacement cost value of the property pledged as security for the loan; or (3) the total outstanding loan balance" (which Plaintiffs call the "Excess Insurance Class"). Complaint, ¶¶ 18-19.

In the Complaint, Plaintiffs allege that Chase has improperly, and in purported breach of borrowers' mortgage contracts, required borrowers to maintain more flood insurance than required by either Federal law or by the lender. *Id.*, ¶¶ 2-3, 7. When borrowers fail to maintain adequate flood insurance, Chase purchases flood insurance on the borrowers' behalf ("lender-placed" insurance), and the cost of this insurance is charged to the borrowers. *Id.*, ¶ 4. Plaintiffs allege that the flood insurance purchased by Chase on behalf of borrowers was

excessively expensive. Plaintiffs allege that the insurance is excessive, in part, because Chase receives commissions or other financial incentives from the insurer. *Id.*, ¶ 6. Plaintiffs allege that this conduct constitutes a breach of the mortgage contracts and constitutes unjust enrichment, breach of fiduciary duty, conversion, and also violates New York's Deceptive Practices Act. *Id.*, ¶ 10.

Based on the allegations in the Complaint, Plaintiffs seek, both individually and on behalf of all class members, "monetary, injunctive and declaratory relief, punitive damages, penalties, interest, and attorneys' fees and costs." *Id.*, ¶ 11.

Chase's time to respond to the Summons and Complaint by answer, demurrer, or motion has not expired and Chase has not served or filed an answer or motion or otherwise appeared in response to the Complaint. Because Chase filed this Notice of Removal within thirty days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL -- CAFA JURISDICTION

The Class Action Fairness Act ("CAFA") provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b) and 1332(d).

### I.    The Putative Class Is Larger Than 100 Members

Plaintiffs allege two different classes "each of which is comprised of thousands of New York mortgage borrowers whose loans are serviced by Defendants, the joinder of which in one action would be impracticable." Complaint, ¶ 20. Accordingly, Plaintiffs' Complaint alleges on its face a putative class size much larger than required for CAFA jurisdiction.

### II.   There Is Complete Diversity Of Citizenship

Next, complete diversity exists in this Action, both at the time of this Notice of Removal and at the time the Action was commenced in state court.

In a standard class action matter only the citizenship of the representative

plaintiffs is considered for diversity purposes. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). However, under CAFA, diversity of citizenship between any class member (not just the representative plaintiff) and any defendant suffices to establish the original jurisdiction of the Court. 28 U.S.C. § 1332(d)(2). Chase and the representative plaintiffs are citizens of different states, satisfying the diversity requirement.

Plaintiffs Robert and Laura Piterniak allege that they are citizens and residents of "Suffolk County in the State of New York." Complaint, ¶¶ 12 & 15.

National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has held that a national banking association, like Chase, is "located" in "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Chase's main office is in the State of Ohio, and therefore, it is a citizen of the State of Ohio. *See, e.g., Crear v. JPMorgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *2 (5th Cir. Mar. 28, 2011) ("JPMorgan is a citizen of Ohio, as designated by its articles of association."); *see* FDIC Bank Finder, *available at* http://www2.fdic.gov/idasp/main_bankfind.asp (showing that Chase's main office is in Columbus, Ohio) (last visited October 3, 2012).

Under the law of the Supreme Court and this Court, Chase is only a citizen of the State of Ohio, and not a citizen of the State of New York. *See Excelsior Funds, Inc. v. JPMorgan Chase Bank, National Association*, 470 F.Supp.2d 312 (S.D.N.Y. 2006); *see also Gutierrez v. J.P. Morgan Chase Bank & Co.*, 09 Civ. 2257 (LAK), 2009 WL 1059636, *1 (S.D.N.Y. April 13, 2009). In *Excelsior Funds*, this Court denied a motion to remand, where the plaintiffs argued that Chase was also a citizen of New York because its principal place of business is located in New York. *See Excelsior Funds, Inc. v. JPMorgan Chase Bank, National Association*, 470 F.Supp.2d 312 (S.D.N.Y. 2006). In denying the motion to remand, the Court found that a national bank's main office determines its state of citizenship, to the extent that state is different from the location of its principal place of business. *Id.* at 322-23. The Court found: "The defendant, [Chase], is a national banking association with its main office in the State of

4

Ohio, as designated in its articles of association," confirming that Chase is an Ohio citizen. *Id.* at 313 & 322-23; *see also Gutierrez v. J.P. Morgan Chase Bank & Co.*, 09 Civ. 2257 (LAK), 2009 WL 1059636, *1 (S.D.N.Y. April 13, 2009) (holding that it "now is clear beyond reasonable doubt that [Chase] therefore is a citizen only of Ohio. Accordingly, there is complete diversity of citizenship, and the removal was appropriate.").

Because Plaintiffs are citizens of the State of New York and Chase is a citizen of the State of Ohio, like in *Excelsior Funds* and in *Gutierrez*, there is complete diversity of citizenship here.

### III.  The Amount in Controversy Exceeds $5,000,000 In The Aggregate

Although Chase does not concede that the proposed class in the aggregate is owed in excess of $5,000,000, or any amount whatsoever, the facts alleged in the Complaint make clear that the amount "in controversy" as to the aggregate claims of the putative class exceeds $5,000,000, exclusive of interest and costs.

The amount in controversy requirement is satisfied if the removing defendant shows "that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "Unlike the general diversity statute which requires at least one claim to meet the amount-in-controversy minimum of $75,000, CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000." *Id.* at 59 (internal citation omitted).

The Complaint seeks to recover "damages determined to have been sustained by them, with any applicable civil penalties, statutory damages and punitive damages...." Complaint, Prayer for Relief, Paragraph (B), p. 27. Further, Plaintiffs seek to "permanently enjoin[] and restrain[] [Chase] from continuing and maintaining [the lender-placed insurance practices] alleged in this Complaint." *Id.* at Paragraph C. "[I]t is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash.*

5

*Apple Adver. Comm'n,* 432 U.S. 333, 347 (1976). "In traditional class action suits in federal court under diversity jurisdiction, the object of the litigation has been viewed as 'the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted'...." *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.,* 592 F. Supp. 2d 522, 527 ( S.D.N.Y. 2008) (quoting *Am. Standard, Inc. v. Oakfabco, Inc.,* 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007)). Here the amount in controversy is the amount that Plaintiffs seek in damages and seek to avoid through injunction, aggregated across the thousands of members in each of the two alleged classes.

Plaintiffs seek to represent two classes, the so-called "Kickback Class" and the so-called "Excess Insurance Class." Complaint, ¶¶ 18, 19. Plaintiffs allege that each of these classes is "composed of thousands of New York mortgage borrowers." *Id.*, ¶ 20.

With respect to the "Kickback Class," Plaintiffs allege that Chase has been unjustly enriched by members of the class through the receipt of compensation earned in connection with the placement of flood insurance on their properties. *Id.*, ¶ 64. Plaintiffs further allege that the compensation Chase unjustly received was as much as 40% of the premiums paid by borrowers. *Id.*, ¶ 37. Plaintiffs allege that they were charged a $7,500 premium for one year of flood insurance. *Id.*, ¶ 46. Extrapolating Plaintiffs' allegations with respect to the claim for unjust enrichment, Plaintiffs seek to recover, at a minimum of $3,000/year/class member. Assuming the "thousands" of class members alleged by Plaintiff, is only 2,000, this equates to a minimum of $6,000,000/year in aggregate damages sought by Plaintiffs in connection with their claim for unjust enrichment alone. Further, under New York law, the statute of limitations for a claim for unjust enrichment is six years. N.Y. C.P.L.R. 213. Therefore, based on Plaintiffs' allegations, the alleged aggregate damages in connection with their unjust enrichment claim is well above $6,000,000. As a result, even if Plaintiffs' allegations of damages are exaggerated, there remains a "'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc.,* 472 F.3d at 58.

With respect to the "Excess Insurance Class," Plaintiffs allege that class members

have been injured through Chase's requirement that (1) they maintain more insurance than was otherwise required, and (2) by Chase purchasing "back-dated" flood insurance policies. *See, e.g.*, Complaint, ¶ 22. Based on Plaintiffs' allegations that Chase's conduct has resulted in charges to their account in excess of $7,500, that their claims are typical of the class, and multiplying by just one thousand class members, rather than the "thousands" alleged by Plaintiffs, the damages Plaintiffs seek through this Action on behalf of the "Excess Insurance Class" are in excess of $7,500,000.

In addition, Plaintiffs allege an additional cause of action on behalf of the "Kickback Class" and four additional causes of action on behalf of the "Excess Insurance Class," and further seek statutory and punitive damages on behalf of both classes. Complaint, ¶¶ 83-109 & Prayer for Relief. Further, Plaintiffs seek to "permanently enjoin[] and restrain[]" Chase from placing insurance that Plaintiffs deem excessive and/or involve alleged commissions. *Id.*, Prayer for Relief.

Taking Plaintiffs' allegations with respect to the "Kickback Class" and "Excess Insurance Class," either separately or together, Plaintiffs place an amount in controversy well above the $5,000,000 threshold needed to meet the jurisdictional requirements under CAFA. *See, e.g., Sorrentino, et al. v. ASN Roosevelt Center, LLC*, 580 F.Supp.2d 350 (E.D.N.Y. 2008) (finding that even though Plaintiffs didn't make "specific damages demand," Defendant had satisfied reasonable probability of showing amount in controversy to establish CAFA jurisdiction by multiplying average monthly rent to be abated by the number of units affected over an assumed rental period).

In addition, the lone Defendant, Chase, is a citizen of a different state (Ohio) than all representative plaintiffs and all alleged class members (New York). *See* 28 U.S.C. § 1332(d)(3)-(4). Therefore, and although Plaintiffs bear the burden to establish that any CAFA exception applies, none of the CAFA exceptions could possibly apply here.

Accordingly, the Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. § 1332(d)(2).

## OTHER PROCEDURAL REQUIREMENTS

Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal to Federal Court will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), Chase will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

Chase will promptly cause to be filed with the clerk of the Supreme Court for the State of New York, County of New York, a Notice to State Court and Adverse Parties of Removal to Federal Court, in accordance with 28 U.S.C. § 1446(d).

## DISTRICT ASSIGNMENT

The United States District Court for the Southern District of New York is the proper forum for removal because it embraces the county that this case was filed in, County of New York.

WHEREFORE, Chase respectfully requests that the Action be removed to this Court.

Dated: New York, New York
       October 11, 2012

Respectfully submitted,

LANKLER CARRAGHER & HORWITZ LLP

By: _____
    Daniel J. Horwitz
    DH-4339

415 Madison Avenue, 16th Floor
New York, New York 10017
Tel: (212) 812-8910

*Attorneys for Defendant*
*JPMORGAN CHASE BANK, N.A.*

8